UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARGIE DEWIT and
BERNARD DEWIT,

    Plaintiffs,

vs.

UPS GROUND FREIGHT, INC.
d/b/a UPS FREIGHT,
a foreign corporation,

    Defendant.
_____/

Case No.: 1:16-cv-00036-MW-GRJ
(**Consolidated for all Purposes**)

CITIZENS INSURANCE
COMPANY OF THE MIDWEST,
as Subrogee for Bernard M. deWit,

    Plaintiff,

vs.

TERRY G. STONE and
UPS GROUND FREIGHT, INC.,
d/b/a UPS FREIGHT,
a foreign corporation,

    Defendants.
_____/

Case No.: 1:16-cv-00056-MW-GRJ

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING CAUSATION OF INJURY
AND PERMANENCY THRESHOLD**

# I. INTRODUCTION

The Plaintiffs, Margie and Bernard DeWit, were rear-ended by the Defendants tractor-trailer on January 29, 2012 on Interstate 75, in the plains Prairie area, just south of Gainesville, Alachua County, Florida. The Plaintiffs are entitled to summary judgment on the issue regarding causation of injuries to them both due to the subject crash. The Plaintiffs are also entitled to summary judgment regarding their ability to recover non-economic damages in the instant lawsuit without the need for a finding of permanent injury, pursuant to Florida statute 672.737(2). Finally, even if the Plaintiffs are required to present evidence of the permanency of their injuries in order to recover non-economic damages in the instant lawsuit, they are still entitled to summary judgment being granted in their favor that they did sustain permanent injuries and the subject crash and that they are entitled to recover non-economic damages in the instant lawsuit.

# II. STATEMENT OF FACTS

**A. Causation of Injury**

There is no factual dispute that Margie deWit and Bernie deWit were both injured in the subject motor vehicle crash. Therefore, as a matter of law, a motion for summary judgment should be granted indicating they both sustained injuries caused by the subject crash.

1.   Margie deWit

Terry Stone testified in deposition that Margie deWit never regained consciousness while he was at the crash scene following the subject crash and that she was transported from the crash scene in an ambulance. See deposition of Terry Stone; page 59, lines 2-10; page 336, lines 20-22; page 369, lines 10-24 (Attached as Exhibit A).

Bernie deWit also testified his wife was injured in the subject motor vehicle crash and was transported to the hospital via ambulance, never regaining consciousness and being in a, for several months. See deposition of Bernie deWit; page 80, line 21 - page 81 line 8; page 149, lines 4-6 (Attached as Exhibit B).

MD Ho, a treating physician of Margie deWit, was also deposed. He testified she sustained injuries due to the subject motor vehicle crash. See Dr. Ho's deposition; page 12, line 25 - page 13, line 13; page 15, line 10 - page 17, line 18; page 18, lines 18-20 (Attached as Exhibit C).

MD Freeman, a medical doctor and epidemiologist, also confirmed Margie deWit sustained injuries caused by the subject crash. See Dr. Freeman's deposition; page 17, lines 11-16; page 35, lines 7-8 ; page 84, lines 14-20 (Attached as Exhibit D).

MD Lars Reinhart, a medical doctor and biomedical retained expert witness of

the Defendant, provided opinions within a report and deposition taken in this case. Dr. Reinhardt also confirmed that Margie DeWit sustained injuries caused by the subject crash, which included intraventricular hemorrhage, coma, C2 dens fracture, right rib fractures, and T11/L1 compression fracture . See Lars Reinhart report, pages 6-8,18 and 20, and deposition page 45, line 18 - page 46, line 8 (Attached as Exhibit E).

    2. Bernie deWit

Bernie deWit testified regarding injuries he sustained in the subject crash. Not only was he admitted to the hospital, but he also sustained a fracture to his lower back due to the subject crash. See Bernie deWit deposition; page 153, line 5 - page 154, line 23; page 156, lines 8-24 (Ex. B).

MD Freeman also testified Bernie deWit sustained injuries caused by the subject crash.  See Dr. Freeman deposition page 18, line 8-11 (Ex. D).

MD Reinhart also opined Bernie deWit sustained injuries caused by the subject crash, which included a L1 burst compression fracture.  See Lars Reinhart report, pages 6 and 19-20, (Attached as Exhibit F),and  deposition page 45, line 18 - page 46, line 8 (Ex. E).

**B. Permanency Threshold**

    1. The Defendant did not raise the permanency threshold defense pursuant to

Florida Statute 627.737 in its Answer and Defenses to the Plaintiffs' Second Amended Complaint. Doc. 42. Additionally, the Defendant has failed to establish they maintained appropriate insurance coverage for the tractor-trailer involved in the subject crash required by Florida Statute 627.737 in order to have the benefit of a permanency threshold defense in the instant action. See Defendant's Response to Plaintiffs' First Request to Produce number 2 and document numbered 00010, and Defendant's Answers to Plaintiffs' First Interrogatories number 5, provided August 22, 2016 (Attached as Exhibit G).

    2.  Even if the Defendant was able to avail itself legally of the permanency threshold defense in this action, the undisputed factual record establishes that Margie deWit has sustained permanent injuries that consist of a significant and permanent loss of an important bodily function and/or an injury that the evidence shows is permanent to a reasonable degree of medical probability. There has been no testimony from any witnesses nor any record evidence that disputes Margie deWit sustained permanent injuries and that she is entitled to the recovery of non-economic damages. Further, there is no evidence to question her factually established entitlement to non-economic damages and there has not been any impeachment that calls into question her having sustained permanent injuries in the subject motor vehicle crash.

        MD Ho provided deposition testimony confirming Margie deWit

sustained a permanent injury, due to her sustaining significant and permanent losses of importantly bodily functions and injuries that are permanent within a reasonable degree of medical probability. His testimony is as follows:

- He continues to treat her today and will continue to treat her in the future; page 11, lines 18-25 (Ex. C).

- She has permanent injuries, which include her head injury, and her bilateral cranial nerve third palsy; page 18, line 25- page 21, line 9 (Ex. C).

- She will need someone to care for her 24 hours a day, seven days a week, due to her permanent impairments with her bodily functions; page 21, line 13- page 25, line 7 (Ex. C).

- Margie deWit is totally dependent due to her head injury; page 25, line 23; page 26, line 15 (Ex. C).

- Margie deWit will never be able to return to work and will never be able to drive again; page 29, line 22-page 30, line 8 (Ex. C). Her injuries are permanent within a reasonable degree of medical probability; page 33, line 25 - page 34, line 13 (Ex. C).

Bernard deWit testified regarding the following about his wife, Margie deWit:

- She cannot bathe herself; page 164, lines 5-6 (Ex. B).

- She needs help changing her clothes; page 165, lines 21- 23 (Ex. B).

- She cannot read; page 166, lines 11-13 (Ex. B).

- She does not know that she has watched the same television show twice. Page 167, lines 7-13 (Ex. B).

- She cannot prepare her own food. Page 215, lines 5-8 (Ex.B).

### III.  ARGUMENT AND CITATIONS

**A. Causation of Injury**

Florida Appellate Courts have held that where a person is treated by paramedics at the scene of a crash and are transported to an emergency room, that a directed verdict on causation of injury is warranted.  See *Sparks-Book v The Sports Authority*, *Inc*., 699 So. 2d 767 (Fla. 3rd DCA 1997); *Short v Ehrler*, 510 So.2d 1110 (Fla. 4th DCA 1987) .  There is no dispute Margie deWit was unconscious at the scene of the tractor-trailer crash. It is also undisputed that she was treated at the scene by paramedics, transported to the emergency room via ambulance and then remained in the hospital in a coma for several months.  Further, it is undisputed that Bernard deWit  also received treatment at the hospital on the day of the tractor-trailer crash and was kept overnight, due to him sustaining compression fractures in his lumbar spine and the subject tractor-trailer crash. Therefore, summary judgment should be granted in the favor of the Plaintiffs, with the Court ruling as a matter of law that both

Margie deWit and Bernard deWit sustained injuries caused in the subject tractor-trailer crash.

**B. Permanency Threshold**

The defendant did not plead a permanency threshold defense pursuant to Florida statute 627.737 in its Answer and Defenses to the Plaintiffs' Second Amended Complaint. Doc. 42. Further, there is no record evidence in this case, nor has the Defendant provided information when responding to the Plaintiffs' discovery requests, that the Defendant maintained the required insurance needed to avail itself legally of the permanency threshold defense for the subject tractor-trailer involved in the subject crash. Therefore, the Defendant should not be able to rely upon the permanency threshold of Florida statute 627.737(2) to prevent the Plaintiffs from recovering non-economic damages in the trial of this action. Therefore, both Margie DeWit and Bernard DeWit are entitled to recover non-economic damages for the injuries they sustained in the subject tractor-trailer crash, even without proving the permanency threshold before the trier of fact.

Even if the Defendant was allowed to present a legal defense regarding the permanency threshold, it is clear that the facts are not disputed, no impeachment exists and there are no questions that have been raised to disprove Margie deWit sustained permanent injuries due to the subject tractor-trailer crash. The only

evidence that exists establishes Margie deWit sustained permanent, significant, brain damage due to the subject tractor-trailer crash. Further, the only evidence that exists establishes she has permanently lost many important bodily functions. Finally, the only evidence that exists also establishes that she sustained injuries that are permanent within a reasonable degree of medical probability.

Florida Standard Jury Instruction 501.3, states what a Plaintiff must prove to a trier of fact in order to be entitled to recover non-economic damages for injuries sustained in a motor vehicle crash: " ...An injury is permanent if it, in whole or in part, consists of: 1) a significant and permanent loss of an important bodily function... or 3) an injury that the evidence shows is permanent to a reasonable degree of medical probability." As the Plaintiff, Margie deWit, has proved the permanency of her injuries caused in the subject tractor-trailer crash, without any contradictory information being presented in the case, a motion for summary judgment with regard to permanency should be granted in her favor. See *Wald v Grainger*, 64 So.3d 1201 (Fla. 2011).

### IV.  <u>CONCLUSION</u>

Based upon the foregoing reasons, the Plaintiffs respectfully request that summary judgment be granted in their favor with the Court establishing as a matter of law, that both Margie deWit and Bernard deWit sustained injuries caused by the

subject tractor-trailer crash and that Margie deWit and Bernard deWit are entitled to recover non-economic damages due to the injuries they sustained in the subject tractor-trailer crash.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to local rule 7.1(F), the undersigned attorney certifies that the number of words contained within this Motion and memorandum are 2060, based upon the word count of the word-processing system used for this Motion and memorandum.

**COKER, SCHICKEL, SORENSON, POSGAY, CAMERLENGO & IRACKI, P.A.**

   /s/ *Matthew Posgay*
**MATTHEW N. POSGAY, ESQUIRE**
Florida Bar No. 0046590
136 East Bay Street
Jacksonville, Florida 32202
(904) 356-6071
(904)353-2425 Facsimile
MNP@cokerlaw.com (Primary)
SKH@cokerlaw.com (Secondary)
DAB@cokerlaw.com (Secondary)
Co-counsel for Plaintiffs

-And-

**Charles B. Carter, Esq**.
CARTER & DRYLIE, P.A.
4719 NW 53rd Ave., Ste. A
Gainesville, FL 32653

(352) 381-9991
Cdpa@bellsouth.net
Florida Bar No.: 281840
Co-Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the forgoing has been furnished to **W. Randall Bassett, Esq., Susan Clare, Esq. and Anneke J. Shepard, Esq.**, sclare@kslaw.com, ashepard@kslaw.com, King & Spalding, LLP, 1180 Peachtree Street, NE, Atlanta, GA 30309-3521; and **Brooks Rathet, Esq.**, brooks.rathet@bromagenlaw.com , Bromagen & Rathet, P.A., 135 2nd Ave., North, Suite 1, Jacksonville, FL 32250, via electronic mail the 9th day of June, 2017.

**COKER, SCHICKEL, SORENSON, POSGAY, CAMERLENGO & IRACKI, P.A.**

*/s/ Matthew Posgay*
**MATTHEW N. POSGAY, ESQUIRE**
Florida Bar No. 0046590
136 East Bay Street
Jacksonville, Florida  32202
(904) 356-6071
(904)353-2425 Facsimile
MNP@cokerlaw.com (Primary)
SKH@cokerlaw.com (Secondary)
DAB@cokerlaw.com (Secondary)
Co-counsel for Plaintiffs

-And-

**Charles B. Carter, Esq**.
CARTER & DRYLIE, P.A.
4719 NW 53rd Ave., Ste. A
Gainesville, FL 32653
(352) 381-9991

11

Cdpa@bellsouth.net
Florida Bar No.: 281840
Co-Counsel for Plaintiffs