# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

MARGIE DEWIT AND BERNARD DEWIT,

    *Plaintiffs,*

v.                        Case No. 1:16cv36-MW/CAS

UPS GROUND FREIGHT, INC., D/B/A UPS FREIGHT, A FOREIGN CORPORATION,

    *Defendant.*

_____

CITIZENS INSURANCE COMPANY OF THE MIDWEST, AS SUBROGEE FOR BERNARD M. DEWIT,

    *Plaintiff,*

v.                        Case No. 1:16cv56-MW/CAS

TERRY G. STONE AND UPS GROUND FREIGHT, INC., D/B/A UPS FREIGHT, A FOREIGN CORPORATION.

    *Defendants.*
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DR. DAVID L. MITCHELL**

This is a personal-injury and subrogation case. Bernard

1

deWit and his wife, Margie deWit, were driving their vehicle southbound on I-75 when they reached a nearly impenetrable cloud of fog and smoke emanating from a powerful brush fire in nearby Paynes Prairie Preserve State Park. Many car crashes ensued, one of which involved the deWits. Their vehicle was rear-ended by a UPS Ground Freight, Inc. d/b/a UPS Freight ("UPS Freight") semi-truck driven by Terry Stone, causing them serious injuries. The deWits filed suit against UPS Freight,[1] bringing negligence and loss-of-consortium claims. ECF No. 25 (second amended complaint).

Plaintiffs have now moved to exclude portions of the testimony of Defendant's Expert, Dr. David L. Mitchell. ECF No. 98. For the following reasons, that motion is **GRANTED**.

I

An expert's opinion is admissible so long as it is reliable, relevant, and helpful to the fact finder. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (holding that under

---

[1] A subrogation case brought by Citizens Insurance Company of the Midwest was also consolidated with this case. ECF No. 43. There, Citizens Insurance brings negligence claims against Terry Stone and UPS Freight. *See id.*

Rule 702, an expert's testimony must "rest[] on a reliable foundation" and be "relevant to the task at hand"); *see also* Fed. R. Evid. 702 (requiring same). The trial court is the gatekeeper of that testimony; its job is to ensure "that speculative and unreliable opinions do not reach the jury." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (citing *Daubert*, 509 U.S. at 589 n.7, 597). That is in part to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

Luckily, trial courts don't attempt this task while blindfolded: *Daubert* and Rule 702 guide their analysis. *See Guinn v. AstraZeneca Pharm. LP*, 602 F.3d 1245, 1252 (11th Cir. 2010) (explaining that the inquiry is governed by Rule 702 and *Daubert* (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004))). Trial courts must therefore ask whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by

3

> the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260 (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The burden of establishing those requirements "rests on the proponent of the expert opinion . . . ." *Id.*

II

Plaintiffs' motion seeks to exclude testimony regarding the following topics: (1) "[s]peculation as to what the National Weather Service . . . or other technical specialists 'would have told' the [Florida Highway Patrol ("FHP")] had they been contacted;" (2) "[t]hat the FHP should or should not have reopened I-75;" (3) "[t]hat the FHP personnel's decision to reopen I-75 was 'not scientifically supported and ill advised'; and" (4) "that the FHP acted reasonably or unreasonably by reopening I-75." ECF No. 98, at 3–4. UPS Freight has conceded that Dr. Mitchell will

4

not offer opinions as to the first, second, and fourth topics.[2] Plaintiffs' motion as to those topics is therefore **GRANTED**.[3] *Cf. Mills v. Innovative Energy Glob., Ltd.*, No. 3:09-cv-294, 2011 WL 1299938, at *8 (N.D. Fla. Mar. 31, 2011) (Rogers, C.J.) ("'[A] party is bound by the admissions in his pleadings' . . . and where a party admits a particular fact in his answer, he is estopped to deny it later." (citation omitted)).

That leaves this Court with Dr. Mitchell's testimony that the FHP's decision to reopen I-75 was "not scientifically supported and ill advised." ECF No. 98-1, at 19. Defendants are wrong; that opinion is not a meteorological-based one. *See* ECF No. 115, at 4–5 ("[T]his is a meteorological opinion based on the scientific and technical information that was available at the

---

[2] *See* ECF No. 115, at 3 ("Dr. Mitchell will not be offering any opinions regarding whether the FHP *should* have reopened I-75 prior to the subject accident or the reasonableness of that decision." (emphasis in original)); *see id.* at 4 ("Similarly, Dr. Mitchell will not be offering any opinions regarding what the National Weather Service or other technical specialists *would have told* the FHP prior to the accident it had been contacted." (emphasis in original)).

[3] Included in that concession is Dr. Mitchell's testimony that "[o]fficials evaluating the hazardous nature of smoke/fog events on motorists should use the LVORI measurements as a minimum precaution" and that "prudent officials should also consult with local [National Weather Service] meteorologists to determine the duration of the low visibility event before making any decisions on reopening roadways." ECF No. 98-1, at 14. Such testimony does not touch on "information that was available regarding" the weather conditions when FHP decided to reopen the highway. ECF No. 115, at 2. Rather, it embraces what FHP *should* have done.

5

time the FHP decided to reopen the highway."). It does not suggest, for example, that the accidents were caused by poor driving conditions due to an inversion "cap" or any other weather-based event. Rather, Dr. Mitchell's opinion criticizes FHP's decision-making process in reopening I-75. But an expert isn't qualified to give an opinion simply because one aspect of that opinion may arguably graze their expertise. Because Dr. Mitchell is not qualified to give that opinion, Plaintiffs' motion is **GRANTED**, and it is excluded.

Accordingly,

**IT IS ORDERED**:

Plaintiffs' Motion to Exclude Portions of Dr. David L. Mitchell's Testimony, ECF No. 98, is **GRANTED**.

**SO ORDERED on June 29, 2017.**

                      **s/Mark E. Walker            **
                      **United States District Judge**