# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

MARGIE DEWIT AND BERNARD DEWIT,

    *Plaintiffs,*

v.   Case No. 1:16cv36-MW/CAS

UPS GROUND FREIGHT, INC., D/B/A UPS FREIGHT, A FOREIGN CORPORATION,

    *Defendant.*

_____

CITIZENS INSURANCE COMPANY OF THE MIDWEST, AS SUBROGEE FOR BERNARD M. DEWIT,

    *Plaintiff,*

v.   Case No. 1:16cv56-MW/CAS

TERRY G. STONE AND UPS GROUND FREIGHT, INC., D/B/A UPS FREIGHT, A FOREIGN CORPORATION.

    *Defendants.*
_____/

1

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CAUSATION OF INJURY AND PERMANENCY THRESHOLD

This is a personal-injury and subrogation case. Bernard deWit and his wife, Margie deWit, were driving their vehicle southbound on I-75 when they reached a nearly impenetrable cloud of fog and smoke emanating from a powerful brush fire in nearby Paynes Prairie Preserve State Park. Many car crashes ensued, one of which involved the deWits. Their vehicle was rear-ended by a UPS Ground Freight, Inc. d/b/a UPS Freight ("UPS Freight") semi-truck driven by Terry Stone, causing them serious injuries. The deWits filed suit against UPS Freight,[1] bringing negligence and loss-of-consortium claims. ECF No. 25 (second amended complaint).

Plaintiffs have now moved for partial summary judgment regarding the causation of their injuries and the permanency of their injuries for purposes of section 627.737, Florida Statutes. ECF No. 108. For the following reasons, that motion is **GRANTED** in part and **DENIED** in part.

---

[1] A subrogation case brought by Citizens Insurance Company of the Midwest was also consolidated with this case. ECF No. 43. There, Citizens Insurance brings negligence claims against Terry Stone and UPS Freight. *See id.*

I

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Material" facts are those that might affect the outcome of the case under the governing substantive law, not those that "are irrelevant or unnecessary." *Id.* (citation omitted). Failure by the nonmoving party to prove an essential element of its case, for which it has the burden of proof at trial, entitles the moving party to summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

II

Plaintiffs first argue that they are entitled to partial summary judgment because it is without question that their injuries were caused by the accident at issue here. ECF No. 108, at 2. This Court agrees. Plaintiffs have testified that they suffered injuries at the scene of the crash and were admitted to the hospital for treatment. *Id.* at 3–4. They have also presented

3

testimony from a treating physician and multiple expert witnesses that those injuries were sustained in the accident at issue here. *Id.*

For the most part, Defendant doesn't contest the causation portion of Plaintiffs' motion on the merits; instead, it contends that the motion "is procedurally improper because it seeks piecemeal adjudication of factual issues that would not resolve any claim . . . ." ECF No. 139, at 3. In making that argument, Defendant cites a slew of pre–2010 case law for the proposition that "[t]he plain language of Federal Rule of Civil Procedure 56 indicates that it is not appropriate to use summary judgment as a vehicle for fragmented adjudication of non-determinative issues." *S.E.C. v. Thrasher*, 152 F. Supp. 2d 291, 295 (S.D.N.Y. 2001); *see also, e.g.*, *United States v. $57,443.00*, 42 F. Supp. 2d 1293, 1299 n.7 (S.D. Fla. 1999) ("The Court notes that it may not enter summary judgment on a portion of a claim—such as the issue of probable cause (which is an element of each of the government's three causes of action).").

But those cases "no longer represent good law." *Isovolta Inc. v. Protrans Int'l, Inc.*, 780 F. Supp. 2d 776, 779 (S.D. Ind. 2011); *see also Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-cv-

4

2446, 2011 WL 3101803, at *4 n.6 (M.D. Fla. July 25, 2011) (questioning "the continued viability of pre–2010 case law discussing the propriety of partial summary judgment" (citations omitted)). Rather, Rule 56 was amended effective December 1, 2010, and now allows parties to move for summary judgment "identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The rule's plain language therefore undermines Defendant's argument.

Similarly, Defendant argues that summary judgment in Plaintiffs' favor as to causation is inappropriate because the jury could reject "Plaintiffs' expert testimony and the conclusions of Mrs. deWit's treating physician." ECF No. 139, at 10. But that argument evinces such a fundamental misunderstanding of the summary judgment standard that it leaves this Court scratching its head. Of course the jury is free to reject Plaintiffs' arguments at trial. That just has no bearing on their summary judgment motion. Defendant simply can't fall back on the jury's free will to successfully counter Plaintiffs' summary judgment motion. Under that logic, summary judgment would *never* be granted. Rather, Defendant must have presented *some* sort of evidence to create a

genuine dispute of material fact. For example, it could have presented expert testimony that Plaintiffs' injuries were not caused by the accident at issue, medical records that contradict Plaintiffs' assertions, or *any* other type of evidence that created a genuine dispute of material fact. But it wholly failed to do so.[2]

Plaintiffs also argue that they are entitled to partial summary judgment in their favor regarding § 627.737's permanency threshold. In support, Plaintiffs make two general arguments: (1) Defendant failed to plead and therefore waived a permanency-threshold defense in its Answer to Plaintiffs' Second Amended Complaint, and (2) Defendant has not provided evidence that it maintained the requisite insurance to bring that defense. ECF No. 108, at 8–9. As to the latter argument, Plaintiffs are simply wrong. Defendant has produced the insurance policy in its entirety, ECF Nos. 139-1, 139-2, 139-3, and notified Plaintiffs of that policy's existence during discovery,

---

[2] It is immaterial that Defendant's expert intends to testify that Plaintiffs' injuries were caused by their own failures to wear their seat belts. ECF No. 139-6. Plaintiffs aren't seeking summary judgment that their injuries are caused by Defendant's negligence rather than their own. They simply seek summary judgment establishing that their injuries were caused by the accident at issue here. *See* ECF No. 108, at 9–10 (seeking summary judgment establishing "that both Margie deWit and Bernard deWit sustained injuries caused by the subject tractor-trailer crash").

6

ECF No. 108-7. The former argument is equally unconvincing—Defendant was not required to specifically raise the permanency-threshold defense in its Answer. *See Wooten v. Collins*, 327 So.2d 795, 797–98 (Fla. 3d DCA 1976) (reversing the trial court's ruling that the permanence-threshold defense "must be raised by affirmative defense" rather than "by a general denial").

Separately, Mrs. deWit has submitted pages of evidence documenting the permanency of her injuries. For example, Mrs. deWit's treating physician testified that he is still treating her and expects to continue treating her in the future, ECF No. 108-3, at 3, that her conditions "will be with her the rest of her life[,]" *id.* at 9, and that she is "totally dependent" on the assistance of others, *id.* at 11. Mr. deWit further corroborated that testimony. *See* ECF No. 108-2, at 9–11 (confirming that Mrs. deWit does not bathe herself, needs help changing clothes, and cannot read). If those types of injuries are not permanent, then this Court is at a loss as to what is.

Even more important, though, is that Defendant has presented zero evidence contesting the permanency of Mrs. deWit's injuries. Instead, it merely asserts that Mrs. deWit's motion should be denied because only *some* of her injuries are

7

permanent. *See* ECF No. 139, at 9 ("Likewise, while Plaintiffs submitted some evidence that ***some*** of Mrs. deWit's injuries are permanent—namely, her head injury and palsy—they failed to produce any evidence that other alleged injuries meet the required threshold." (emphasis in original)). But that is not a sufficient basis to deny Mrs. deWit's motion. *See Wald v. Grainger*, 64 So.3d 1201, 1207 (Fla. 2011) ("Thus, as long as part of the bodily injury arising out of the motor vehicle accident involves a permanent injury 'within a reasonable degree of medical probability,' the plaintiff can recover noneconomic damages related to his pain, suffering, mental anguish, and inconvenience for all of the injuries related to the accident."); *see also Rolon v. Burke*, 112 So.3d 118, 120 (Fla. 2d DCA 2013) (requiring the plaintiff to prove that he or she "has suffered *a* permanent injury" (emphasis added)). Mrs. deWit's motion for summary judgment as to the permanency threshold is therefore due to be granted.

    Mr. deWit, however, failed to present any evidence regarding the permanency of his injuries. In fact, Plaintiffs' motion neglects to even argue that Mr. deWit's injuries are permanent—it focuses only on Mrs. deWit's injuries. For that

reason, Mr. deWit's motion for summary judgment as to the permanency threshold is due to be denied. *See Celotex Corp.*, 477 U.S. at 325 (requiring the moving party to show "that there is an absence of evidence to support the nonmoving party's case").

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment Regarding Causation of Injury and Permanency Threshold, ECF No. 108, is **GRANTED** in part and **DENIED** in part.

2. Plaintiffs' motion is **GRANTED** as to the causation of injury.

3. Plaintiffs' motion is **GRANTED** as to the permanency of Mrs. deWit's injuries for purposes of Florida Statutes § 627.737.

4. Plaintiffs' motion is **DENIED** as to as to the permanency of Mr. deWit's injuries for purposes of Florida Statutes § 627.737.

5. This Court does *not* direct partial entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).

**SO ORDERED on August 2, 2017.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**
